IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | CRIMINAL ACTION |
| | : | No. 06-186-1 |
| v. | : | |
| | : | CIVIL ACTION |
| DERRICK COBB | : | No. 16-1508 |

### MEMORANDUM

PRATTER, J.                                                                                                                            MAY 6th, 2020

Derrick Cobb asks the Court to correct his sentence under 28 USC § 2255. The Government moves to dismiss Mr. Cobb's motion as moot because he is no longer in federal custody. For the reasons that follow, the Government's motion to dismiss is denied.

### BACKGROUND AND PROCEDURAL HISTORY

Mr. Cobb entered a guilty plea and was sentenced on three counts: (I) armed bank robbery under 18 U.S.C. § 2113(d); (II) using or carrying a firearm during a crime of violence under 18 U.S.C. § 924(c); and (III) possession of a firearm by a convicted felon under 18 U.S.C. § 922(g)(1). The Court sentenced Mr. Cobb to 90 months' imprisonment on counts I and III to run concurrently. Pursuant to § 924(c)'s mandatory minimum, the Court sentenced Mr. Cobb to 84 months' imprisonment on count II to run consecutively to the 90 months for counts I and III. The Court also sentenced Mr. Cobb to five years of supervised release on counts I and II and three years of supervised release on count III to run concurrently following his period of incarceration.

After the Supreme Court issued its decision in *Johnson v. United States*, 135 S. Ct. 2551 (2015), Mr. Cobb filed a motion to correct his sentence under 28 USC § 2255 claiming that his conviction and sentence under § 924(c) violated due process of law because his predicate crime of bank robbery no longer qualified as a crime of violence. He also argued that his two Pennsylvania

1

robbery convictions similarly did not constitute career offender predicates, making him a non-career offender and his conviction and sentence under § 924(c) a violation of due process of law.

## DISCUSSION

Instead of responding to the claims raised in Mr. Cobb's § 2255 motion, the Government moves to dismiss the motion, arguing that the motion is moot because Mr. Cobb was released from federal custody in 2018. Mr. Cobb responds that Third Circuit Court of Appeals' precedent explicitly instructs that a motion under § 2255 does not become moot when the movant is on supervised release pursuant to the sentence being challenged.

In support of his argument, Mr. Cobb relies on *United States v. Doe*, 810 F.3d 132 (3d Cir. 2015). In *Doe*, the defendant appealed the district court's denial of his motion to vacate sentence under § 2255. 810 F.3d at 138. In his § 2255 motion, the defendant had argued that he was sentenced as a career offender based on two Pennsylvania convictions for simple assault, but subsequent Supreme Court precedent made it plausible that his convictions were not crimes of violence within the meaning of the then-mandatory Sentencing Guidelines. *Id.* He claimed that this development meant he was not a career offender for the purposes of sentencing. *Id.*

The Government moved to dismiss the appeal, arguing that the defendant was on supervised release and that no relief was available to him because removing the career-offender designation would not affect the length of his period of supervised release. *Id.* at 143. The Third Circuit Court of Appeals rejected the Government's argument, noting that "[i]n circumstances similar to [Doe's] case, where a § 2255 movant on supervised release appealed the length of his imprisonment, we observed that the District Court could credit him with the time served in prison exceeding a lawful sentence and reduce the length of his supervised release by that amount." *Id.* (citing *United States v. Wright*, 642 F.3d 148, 155 n.7 (3d Cir. 2011)). The court explained that

2

the defendant had been sentenced under Federal Rule of Criminal Procedure 35(b), which relates to reducing a defendant's sentence for substantial assistance. *Id.* Because Rule 35(b) "authorizes a district court to reduce any aspect of a defendant's otherwise statutorily mandated sentence, including supervised release terms," the court held that the case was not moot because the "District Court may reduce the duration of Doe's supervised release if he prevails." *Id.* (citation omitted).

District courts in the Third Circuit have relied on *Doe* in holding that a defendant's § 2255 motion is not moot after a defendant has served his sentence and is on supervised release, including where the defendant was not sentenced under Rule 35(b). For example, in *United States v. Tai*, No. 10-769, 2018 WL 4615972 (E.D. Pa. Sept. 26, 2018), the district court explained:

> Although Tai was released from prison shortly after the evidentiary hearing, his § 2255 motion is not moot as Tai is currently serving a three-year term of supervised release. *See United States v. Doe*, 810 F.3d 132, 143 (3d Cir. 2015) (holding a § 2255 motion was not moot where the district court could reduce the duration of the movant's supervised release if he prevailed). In addition, while a movant who has been unconditionally released from criminal confinement must typically prove that he or she suffers a continuing injury to maintain the suit, where the movant challenges his or her criminal conviction, the Supreme Court has been willing to presume that the wrongful conviction has collateral consequences sufficient to prevent the case from becoming moot. *See Spencer v. Kemna*, 523 U.S. 1, 7-8 (1998).

2018 WL 4615972, at *3 n.6; *see also United States v. Lawrence*, 214 F. Supp. 3d 401, 405 n.11 (E.D. Pa. 2016) (relying on *Doe* for the proposition "that a § 2255 movant on supervised release may still challenge an already-served term of imprisonment as the district court may reduce the duration of the supervised release term if the movant prevails" and finding the defendant's § 2255 claim not moot even though the defendant had served his 98-month sentence because he was still subject to supervised release).

Here, Mr. Cobb challenges the constitutionality of his § 924(c) conviction and sentence. He asserts that his motion is not moot because if he were to prevail on the merits of his motion,

3

the Court could reduce the duration of his supervised release term, which is currently scheduled to continue through November 2023

Pursuant to 18 U.S.C. § 3583(e)(1), a court may "terminate a term of supervised release and discharge the defendant released at any time after the expiration of one year of supervised release, pursuant to the provisions of the Federal Rules of Criminal Procedure relating to the modification of probation, if it is satisfied that such action is warranted by the conduct of the defendant released and the interest of justice." Here, if the Court were to find that Mr. Cobb suffered a due process violation, it could reduce or terminate his remaining period of supervised release. Therefore, guided by the Third Circuit Court of Appeals' reasoning in *Doe* and the Court's authority to reduce or terminate Mr. Cobb's period of supervised release, the Court concludes that Mr. Cobb's § 2255 motion is not moot even though he has been released from federal custody.

## CONCLUSION

For the foregoing reasons, the Court denies the Government's motion to dismiss. An appropriate order follows.

BY THE COURT:

/s/ Gene E.K. Pratter

GENE E.K. PRATTER
UNITED STATES DISTRICT JUDGE

4